Bk 10311 Pg96 #3588
02-24-2020 @ 10:52a

STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss                          OF  LOCATION: AUBURN
                                                          DOCKET NO. RE-2016-14

U.S. Bank National Association, as
Trustee for JPMorgan Mortgage
Acquisition Trust 2006-ACC1, Asset-
Backed Pass-Through Certificates, Series
2006-ACC1

Plaintiff

vs.

Accredited Home Lenders, Inc.

Defendant

Mortgage Electronic Registration
Systems, Inc., as nominee for Accredited
Home Lenders, Inc.
Lourdes S. Jacob

Parties-In-Interest

NOT AN OFFICIAL COPY   NOT AN OFFICIAL COPY   NOT AN OFFICIAL COPY

JUN 3 '19 AM 9:49
ANDRO SUPERIOR COURT

STIPULATED ORDER

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:

200 Broad Street, Unit 4
Auburn, ME 04210
Book 6659, Page 330

   The parties stipulate to the following, this matter is before the Court on Plaintiff's Motion for Default Judgment and Judgment on the Pleadings. The Court specifically finds that there is judiciable controversy and that declaratory relief is appropriate to remove the uncertainty in the chain of title to the mortgage, as raised by the *Greenleaf* decision, regarding assignments of mortgages for nominees. *Bank of America, N.A. v. Greenleaf*, 2014 ME 89 (Me. 2014). As holder of the promissory note, Plaintiff is entitled to bring this action to confirm its rights in the subject mortgage. This is consistent with well settled precedent discussing Maine mortgage title theory. *See Jordan v. Cheney*, 74 Me. 359 (1883).

   Having considered the pleadings, this Court finds that after service in compliance with Maine Rules of Civil Procedure, neither the Defendant, Accredited Home Lenders, Inc., nor the Party-In-Interest, Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc., have answered or otherwise appeared in this matter. The Party-in-Interest, Lourdes S. Jacob, has answered and appeared through her counsel, Thaddeus V. Day, Esq.

   Accordingly, for good cause shown, it is hereby ORDERED that;

   Plaintiff is GRANTED default judgment in this matter; and

   This Court ORDERS, confirms and ratifies, *nunc pro tunc*, the transfer of the mortgage, dated

January 31, 2006, and recorded in the Androscoggin County Registry of Deeds in **Book 6659, Page 330**, as evidenced by the assignment from a) Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc. to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-ACC1, Asset-Backed Pass-Through Certificates, Series 2006-ACC1 dated August 27, 2012 and recorded in the Androscoggin County Registry of Deeds in **Book 8487, Page 340**; and all the rights contained therein, including ownership, to Plaintiff; and

The Court also enters in rem permanent injunction relief concerning the subject property mortgage recorded on February 3, 2006. The Court finds the Plaintiff is the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of the date of the Mortgage Assignment to the Plaintiff, August 27, 2012.

_____
Justice, Superior

A True Copy
Linda S. Mason
Attest

[SEAL]

_____
Thaddeus V. Day, Esq.
Law Offices of Thaddeus V. Day
Attorney for Party-In-Interest, Lourdes S. Jacob
P.O. Box 11
Cumberland Center, ME 04021

_____
John A. Doonan, Esq.
Doonan, Graves & Longoria, LLC
Attorney for Plaintiff
100 Cummings Center, Suite 225D
Beverly, MA 01915

January 31, 2006, and recorded in the Androscoggin County Registry of Deeds in **Book 6659, Page 330**, as evidenced by the assignment from a) Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc. to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-ACC1, Asset-Backed Pass-Through Certificates, Series 2006-ACC1 dated August 27, 2012 and recorded in the Androscoggin County Registry of Deeds in **Book 8487, Page 340**; and all the rights contained therein, including ownership, to Plaintiff; and

The Court also enters in rem permanent injunction relief concerning the subject property mortgage recorded on February 3, 2006. The Court finds the Plaintiff is the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of the date of the Mortgage Assignment to the Plaintiff, August 27, 2012.

_____
Justice, Superior

_[signature]_
Thaddeus V. Day, Esq.
Law Offices of Thaddeus V. Day
Attorney for Party-In-Interest, Lourdes S. Jacob
P.O. Box 11
Cumberland Center, ME 04021

_[signature]_
John A. Doonan, Esq.
Doonan, Graves & Longoria, LLC
Attorney for Plaintiff
100 Cummings Center, Suite 225D
Beverly, MA 01915

ANDROSCOGGIN COUNTY
Tina M. Chaunard
REGISTER OF DEEDS